355 So.2d 766 (1978)
In re THE FLORIDA BAR.
In re Henry L. TURNER, III, d/b/a Physician's Administrative Services.
No. 48042.
Supreme Court of Florida.
February 16, 1978.
*768 Lawrence J. Phalin, Bar Counsel, Orlando, for The Florida Bar, petitioner.
James W. Markel of Graham, Markel & Scott, Orlando, for respondent.
BY THE COURT.
The Florida Bar petitioned this Court to enjoin Henry L. Turner, III from the unauthorized practice of law, alleging that between 1967 and 1973 while Turner was a licensed life insurance agent and Chartered Life Underwriter, he gave legal advice in various ways to a number of doctors and medical groups. We appointed a referee to conduct hearings, to determine whether Turner had engaged in the unauthorized practice of law, and to report his findings and recommendations to us. In lieu of a hearing the parties entered into a stipulation of facts and applicable law, which the referee accepted. He then recommended to us that Turner be enjoined from the unauthorized practice of law.
Having reviewed the stipulation and the referee's report we conclude that Turner had between 1967 and 1973 engaged in the practice of law in his capacity as an insurance agent, while not a member of The Florida Bar, and we accept the referee's recommendation. Accordingly, Turner is permanently enjoined from the unauthorized practice of law and prohibited, among *769 other things, from evaluating and preparing legal forms and instruments, supplying legal forms with advice or instructions as to their use, and drafting legal instruments adapted to particular circumstances, such as corporate charters, by-laws, pension plans, employment agreements, health plans and trust agreements. Turner is further ordered to pay costs which were properly incurred by the bar.
As a matter of guidance to the bar and other professionals, we attach as an appendix to this opinion the conclusions of law to which both parties stipulated and which we approve.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND, SUNDBERG and KARL, JJ., concur.
ADKINS and HATCHETT, JJ., dissent.

APPENDIX

 "CONCLUSIONS OF LAW
 1. That the public interest demands competent, quality advice
and services with respect to planning, designing, drafting, and
implementing corporate professional associations and pension
plans.
 2. That the fields of pension planning (or `employee benefit'
planning) and corporate planning involve the interpretation of
the Internal Revenue Code, revenue rulings, statutory law, court
decisions, and other regulations having the force and effect of
law.
 3. That the establishment of any type of pension or welfare
plan (as defined in the Internal Revenue Code) involves not only
the rendering of legal advise [sic] and services, but also, in
many instances, actuarial, accounting, economic, insurance, and
investment advice in reference to the designing, drafting and
adoption of a pension plan, without the rendering of legal
advice or legal services, does not constitute the practice of
law.
 4. That a general discussion with an employer of various types
of pension or welfare plans, which employees should be covered as
a matter of policy, the cost of the benefits for employees, the
amounts of contributions to the plan, the funding of the plan,
and other factors of a strictly financial and economic nature are
proper for laymen, provided that no specific advice is given with
respect to particular persons, particular plans, and their
eligibility under the tax laws.
 5. That the discussion by a person unlicensed to practice law
with another person of general principles of law, without
applying those principles to the particular factual situation of
that person does not constitute specific legal advice or the
practice of law.
 6. That the application of general rules of law to particular
sets of facts as they relate to particular persons or legal
entities constitutes the practice of law.
 7. That the evaluation of the legal effect of a particular
legal instrument, e.g., pension plan, pension trust agreement or
corporate charter, as it would apply to a particular individual
or legal entity, coupled with advice, either directly or
indirectly, as to the legal consequences of such legal
instrument, constitutes legal advice and the practice of law.
 8. That the supplying of legal forms to others coupled with
instruction/advice and/or representations as to how said forms
should be filled out or the quality and effect of such forms as
applied to the specific situation of others constitute legal
advice and the practice of law. The fact that the supplier
adviser urges another to consult an attorney does not make the
advice any less `legal advice' or his services any less `legal
services.'
 9. That the making of changes in legal forms to fit the
specific factual needs of others constitutes the rendition of
legal services and the practice of law.
 10. That complex tax problems exist in the planning and
designing of pension plans and corporate professional
associations.
*770 11. That complex tax problems exist in considering what type of
pension plan best suits the needs and desires of an individual
employer and what type of pension plan will qualify for benefits
under federal tax laws.
 12. That potential and actual conflicts of interest exist where
a lay person or entity not licensed to practice law attempts to
give legal advice and/or provide legal services to a prospective
client to whom he is attempting to sell a product, e.g., life
insurance.
 13. That a pension plan and a pension trust agreement drafted
in connection therewith are, in themselves, legal instruments
which define and determine the legal rights and obligations of
both an employer and employee. The drafting of such instruments
must involve the careful consideration of the rights and
obligations which emanate under the Internal Revenue Code and
related laws, as well as contract, trust and property laws.
 14. That a properly drafted corporate charter and by-laws are
important contractual documents/legal instruments, the
preparation of which constitute the practice of law.
 15. That the design and preparation of a pension plan for
another embodying data gathered from said person constitutes the
practice of law.
 16. That the submission of a pension plan and/or corporate
professional association documentation to another for adoption
and/or implementation coupled with the representation, either
directly or indirectly, that said legal documents are suitable to
the persons' particular circumstances, needs, and objectives
constitutes legal advice and the practice of law.
 17. That the advising of another that a particular pension plan
qualifies for tax benefits under the Internal Revenue Code,
revenue rulings, and court decisions constitutes legal advice and
the practice of law.
 18. That the rendering of an opinion or advice, either directly
or indirectly, regarding the consequences or effects of the tax
laws or other laws on the pension plan and/or corporate
professional association of another constitute legal advice and
the practice of law.
 19. That the interpretation of provisions of a pension plan
and/or legal documentation encompassing a corporate professional
association involve legal analysis and judgment. Any advice or
representations in reference to any such interpretation would
necessarily involve legal advice/representation and the practice
of law.
 20. That the preparation of the following legal documents in
connection with the formation of a corporate professional
association constitutes the practice of law: (1) Articles of
Incorporation, (2) By-Laws, (3) Minute Book entries, and (4)
Assignments of Lease to professional corporation.
 21. That the preparation of the following legal documents in
connection with the formation of a pension plan (employee benefit
plan) constitutes the practice of law: (1) The Plan, (2)
Employment Agreement with Professional Corporation, (3) Health
Plan, and (4) Trust Agreement."